# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:16CV314-FDW-DSC

| | |
|---|---|
| **DERICK SHAY SAWYER,**<br>Plaintiff,<br><br>vs.<br><br>**NANCY A. BERRYHILL,**[1]<br>**Commissioner of Social**<br>**Security Administration,**<br>Defendant. | **MEMORANDUM AND RECOMMENDATION**<br>**OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and Defendant's "Motion for Summary Judgment" (document #11), as well as the parties' briefs and exhibits.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I. PROCEDURAL HISTORY

The procedural history is not in dispute. The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on September 26, 2016. He assigns error to the Administrative Law Judge's (ALJ) failure to give substantial weight to the Veterans Administration's ("VA") disability decision,[2] and to the formulation of his mental Residual Functional Capacity ("RFC").[3] Plaintiff cites the ALJ's failure to account for his moderate impairment in concentration, persistence or pace. See Plaintiff's "Memorandum in Support …" at 3-8, 14-17 (document #9-1). The parties' cross-Motions are ripe for disposition.

# II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v.

---

[2] On March 6, 2013, the VA awarded Plaintiff service connected disability benefits and individual unemployability due to post traumatic stress disorder, tinnitus, degenerative arthritis of the lumbar spine, status post cyst removal, and headaches. (Tr. 168-1183). Plaintiff's overall combined rating was eighty percent, with a one hundred percent rating based upon individual unemployability. (Tr. 173).

[3] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.  DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time prior to expiration of his insured status.[4] Plaintiff challenges the ALJ's determination of his RFC. The

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 338, 343 (4th Cir. 2012), the Fourth Circuit held that:

> Because the purpose and evaluation methodology of both [Veterans Administration and Social Security Administration] programs are closely related, <u>a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency</u>. Thus, we hold that, in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two

---

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

Id. (emphasis added) (internal citations omitted). Here, the ALJ gave "little weight" to the VA disability rating but failed to explain how the record supported his decision. (Tr. 22). Rather, the ALJ stated generally that VA "ratings have little to no relevance to a Social Security decisions [sic]." Id. This error warrants remand.

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

In Mascio, the Court also "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v.Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). See also SSR 96-8p (where ALJ completes Psychiatric Review Technique Form ("PRTF"), mental RFC evaluation for use at steps 4 and 5 "requires a more detailed assessment by itemizing various functions … summarized on the PRTF"). "The ability to perform simple tasks differs from the ability to stay on pace. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." Id.

Applying those legal principles to the record here, the undersigned concludes that this

5

matter should be remanded for a new hearing. In his formulation of Plaintiff's RFC, the ALJ accounted for Plaintiff's moderate impairment in maintaining concentration, persistence or pace, if at all, with a limitation to only occasional interaction with the public, co-workers or supervisors and to simple, routine, repetitive tasks. (Tr.49). In his questioning of the Vocational Expert ("VE"), the ALJ made clear that these limitations were intended to address "concentration and persistence." Id. The ALJ made no mention of pace, and there is no indication that the VE understood that factor was at issue. Id.

As in Mascio, "[p]erhaps the ALJ can explain why [Plaintiff's] moderate limitation in concentration, persistence or pace … does not translate into a limitation in [his] residual functional capacity…. But because the ALJ gave no explanation, a remand is in order." Id.

For both of these reasons, the undersigned respectfully recommends that this matter be remanded for a new hearing.

## IV. <u>RECOMMENDATIONS</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #11) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: May 18, 2017

David S. Cayer
United States Magistrate Judge